UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No. 8:25-cr-263-SDM-SPF

CORTEZ HEARD

**UNITED STATES' MOTION
FOR AN ORDER OF FORFEITURE**

The United States moves this Court, pursuant to 18 U.S.C. § 981(a)(1)(C), 28

U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(2), to enter an order of forfeiture

against the defendant in the amount of $1,100,000, representing the amount of

proceeds he personally obtained as the result the theft offense charged in Count One

of the Information. In support thereof, the United States submits the following.

**MEMORANDUM OF LAW**

**I.      Statement of Facts**

    **A.      Allegations Against the Defendant**

1.      The defendant was charged in an Information with theft from an

interstate shipment of property, in violation of 18 U.S.C. § 659. Doc. 1.

2.      The Information contained forfeiture allegations putting the defendant

on notice that, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the

United States would forfeit any property constituting, or derived from proceeds the

defendant obtained, directly or indirectly, as a result of such violation. *Id.* at 2.

**B.      Findings of Guilt and Admissions Related to Forfeiture**

3.      The defendant pleaded guilty to Count One of the Information. Docs. 11, 18. The Court accepted the defendant's plea and adjudicated him guilty. Doc. 21.

4.      The defendant admitted in his Plea Agreement that he personally obtained $1,100,000 in proceeds from the offense charged in Count One of the Information. Doc. 5 at 18-19.

5.      Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the defendant admitted and agreed that the United States was entitled to an order of forfeiture in the amount of $1,100,000, representing the amount of proceeds the defendant personally obtained as a result of the offense. Doc. 5 at 8. Moreover, the defendant agreed that the proceeds were transferred to third parties and could not be located upon the exercise of due diligence. *Id.* at 8. Lastly, the defendant agreed that the order of forfeiture should be final upon entry. *Id.* at 10.

## II.     Applicable Law

**A.      Forfeiture Statute**

The Court's authority to order civil forfeiture of property for violations of 18 U.S.C. § 659 is found in 18 U.S.C. § 981(a)(1)(C). Section 981(a)(1)(C) provides for the civil forfeiture of any property, real or personal, which constitutes or is derived from proceeds from any offense constituting "specified unlawful activity" as defined in 18 U.S.C. § 1956(c)(7), or a conspiracy to commit such offense. A "specified unlawful activity," as defined in 18 U.S.C. § 1956(c)(7), includes offenses listed in 18

U.S.C. § 1961(1). Specifically, 18 U.S.C. § 1961(1) includes violations of 18 U.S.C. § 659. Pursuant to 28 U.S.C. § 2461(c), the government is authorized to forfeit this property criminally, and the procedures for the forfeiture and disposition of the property are governed by 21 U.S.C. § 853.

### B.     Court's Determination of Forfeiture

Pursuant to Rule 32.2(b)(2), because the United States could not locate the specific property constituting or derived from the proceeds the defendant obtained from his offense, the United States seeks an order of forfeiture against the defendant in the amount of proceeds obtained from the offense. Indeed, for cases in which a defendant no longer has the actual dollars or property traceable to proceeds in his possession, or the government cannot locate those assets, the obligation to forfeit simply takes the form of an order of forfeiture in favor of the United States. *See United States v. Padron*, 527 F.3d 1156, 1161-62 (11th Cir. 2008).

Rule 32.2(b)(1) provides that the court must determine the amount of money that the defendant will be ordered to pay. The Court's determination may be based on evidence submitted by the parties and accepted by the Court as relevant and reliable. Fed. R. Crim. P. 32.2(b)(1)(B). The defendant has agreed he personally obtained $1,100,000 in proceeds as a result of the offense. If the Court finds that the defendant obtained at least $1,100,000 as a result of his offense and that the defendant has dissipated those proceeds, then it is appropriate for the Court to enter

3

an order of forfeiture against the defendant in that amount pursuant to Rule 32.2(b)(2).

## III.    Conclusion

For the reasons stated above, the United States requests that the Court, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(2), enter an Order of Forfeiture against the defendant in the amount of $1,100,000.

As required by Federal Rule of Criminal Procedure 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally pronouncing the sentence and include the forfeiture order, directly or by reference, in the judgment. *See* Fed. R. Crim. P. 32.2(b)(4)(A) and (B).

In accordance with Rule 32.2(b)(4) and the defendant's plea agreement (Doc. 5 at 10), the United States asks that the order of forfeiture be made final as to the defendant at the time it is entered.

Finally, the United States further requests that the Court retain jurisdiction to order any substitute assets forfeited to the United States up to the amount of the order of forfeiture.

Respectfully Submitted,

GREGORY W. KEHOE
United States Attorney

By:   *s/James A. Muench*
JAMES A. MUENCH
Assistant United States Attorney
Florida Bar Number 472867
400 North Tampa Street, Suite 3200
Tampa, Florida 33602
(813) 274-6000 – telephone
E-mail: james.muench2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system that will send a notice of electronic filing to counsel of record.

*s/James A. Muench*
JAMES A. MUENCH
Assistant United States Attorney